**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA (MIAMI DIVISION)**

FERNANDA PRICE and TARVIO
MCKINNEY, individually and on behalf of
all others similarly situated,

                          Plaintiffs.

                    *v.*

WALGREEN CO.,

                          Defendant.

Case No. 1:22-cv-21405-RNS

**JOINT MOTION TO STAY ALL PROCEEDINGS PENDING FINAL RULE FROM**
**THE FEDERAL FOOD & DRUG ADMINSTRATION**

Plaintiffs Fernanda Price and Tarvio McKinney ("Plaintiffs") and Defendant Walgreen

Co. ("Defendant") (collectively, "Parties") hereby jointly move the Court to stay all proceedings

in this action pending the Food & Drug Administration ("FDA")'s resolution of an ongoing

rulemaking concerning menthol cigarettes that Plaintiffs contend bear on their claims in this

case. *See Tobacco Product Standard for Menthol in Cigarettes*, *A Proposed Rule by the Food &*

*Drug Administration*, 87 Fed. Reg. 26,454 (May 4, 2022).  In support of this motion, the Parties

state as follows:

1.      On May 5, 2022, Plaintiff Price filed her Complaint against Defendant (ECF No.

1).  Plaintiffs Price and McKinney then filed their Amended Complaint on July 7, 2022 (ECF

No. 9).  Plaintiffs sent Defendant a request for a waiver of service on July 8, 2022, which

Defendant duly executed.  (ECF No. 10).  Under Federal Rules of Civil Procedure 4(d) and

1

12(a), Defendant's responsive pleading or motion to dismiss is due on or before September 6, 2022.

2. Plaintiffs are two Florida residents who allegedly purchased Marlboro Menthol cigarettes at a Miami Walgreens store and contend that they were deceived because Defendant Walgreens failed to disclose that menthol cigarettes are "more dangerous and addictive" than "ordinary cigarettes." *See, e.g.*, Am. Compl. ("FAC") ¶ 4. Plaintiffs seek monetary and injunctive relief and assert four claims: (1) Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"); (2) negligent misrepresentation; (3) breach of implied warranty of merchantability; and (4) breach of implied warranty of fitness for purpose. FAC ¶¶ 85-131.

3. On May 4, 2022, the FDA issued a proposed rule "that would prohibit menthol as a characterizing flavor in cigarettes." *Tobacco Product Standard for Menthol in Cigarettes*, 87 Fed. Reg. 26,454 (May 4, 2022). The FDA accepted comments from interested stakeholders concerning the proposed rule through August 2, 2022. *See* Regulations.gov, *Tobacco Product Standard for Menthol in Cigarettes* (May 4, 2022), https://bit.ly/3QOzTd2.

4. Plaintiffs contend that the FDA's final rule will bear directly on their claims.

5. Defendant contends that Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted for many reasons, and that any FDA final rule will not provide a basis for the claims to proceed. Nevertheless, Defendant recognizes that Florida federal courts have repeatedly stayed or dismissed actions where the claims relate to issues being actively considered by the FDA.[1] In *Quidera v. Blackstone Labs, LLC*, No. 20-CV-80898, 2021 WL

---

[1] *See Greenfield v. Yucatan Food L.P.*, 18 F. Supp. 3d 1371, 1375-77 (S.D. Fla. 2014) (applying primary jurisdiction doctrine to FDUTPA putative class action alleging that products using term "evaporated cane juice" rather than "sugar" was deceptive due to "unresolved issue of food labeling law that the interpreting agency [FDA] is actively considering" through rulemaking process); *Snyder v. Green Roads of Florida LLC*, 430 F. Supp. 3d 1297, 1307-08 (S.D. Fla. 2020)

4958789 (S.D. Fla. Mar. 8, 2021), for instance, a putative class of purchasers of dietary supplements sued the distributor, contending that the supplements improperly contained a stimulant called DMHA. *Id.* at *1. The court applied the primary jurisdiction doctrine because "[d]etermining based on science whether DMHA is safe or properly classified as a new dietary ingredient is a particularly complicated issue that Congress has committed to a regulatory agency, here the FDA." *Id.* at *3 (internal quotation marks and citation omitted). Further, the court found that "various district courts proceeding with their own interpretation of whether DMHA constitutes a dietary supplement under DSHEA, and possibly having different interpretations and different conclusions from that of other courts, would create problems with uniformity in administration and inconsistent product regulation, which the primary jurisdiction doctrine aims to avoid." *Id.*

6.      For similar reasons, the Court here should exercise its broad discretion and stay this action pending the effective date of FDA's final rule concerning menthol cigarettes.

## **CONCLUSION**

For the foregoing reasons, and as set forth in the accompanying proposed order, Plaintiffs and Defendant jointly request that the Court stay all proceedings in this action pending the effective date of FDA's final rule concerning menthol cigarettes or, alternatively, until the FDA announces that it will not proceed to a final rule.

---

(applying primary jurisdiction doctrine because "the FDA obviously has expressed an active interest in regulating the manufacture and marketing of CBD products" through various rulemaking); *Herazo v. Whole Foods Mkt., Inc.*, No. 14-cv-61909, 2015 WL 4514510, at *5 (S.D. Fla. July 24, 2015) ("[G]iven the extensive regulatory scheme to oversee homeopathic drug marketing and the questions presented over the labels in this case, the Court finds abstention appropriate under the primary jurisdiction doctrine.").

Dated:  August 30, 2022

Respectfully Submitted,

/s/ *Geoffrey Michael*
Geoffrey J. Michael
Fla. SBN 86152
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave NW
Washington, DC 20001
Phone: (202) 942-5000
Email: geoffrey.michael@arnoldporter.com

*Counsel for Defendant Walgreen Co.*


/s/ *Joel Oster* (by permission)
Joel Oster
Fla. SBN 659746
Law Offices of Howard W. Rubinstein
22052 W 66th St. #192
Shawnee, KS 66226
Phone: (913) 206-7575
Email: joel@joelosterlaw.com

Angela Arango-Chaffin
Fla. SBN: 87919
The Law Office of Angela Arango-Chaffin
540 W Ave Ste 1113
Miami Beach FL 33139
(713) 818-2515
angela@chaffinlawfirm. com

Spencer Sheehan *(pro hac vice forthcoming)*
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck NY 11021
Phone: (516) 268-7080
Email: spencer@spencersheehan.com

*Counsel for Plaintiffs Fernanda Price and Tarvio McKinney*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed this document with the Clerk of the Court using CM/ECF on August 30, 2022, which will automatically generate and serve Notices of Electronic Filing on all counsel of record.

*/s/ Geoffrey Michael*
Geoffrey J. Michael
